Cite as 2020 Ark. App. 268

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR–19–953

| | |
|---|---|
| DARNELL WASHINGTON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** April 29, 2020<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35-17-453]<br><br>HONORABLE ALEX GUYNN, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

On June 10, 2019, a Jefferson County Circuit Court jury found appellant Darnell Washington guilty of possession of firearms by certain persons. Washington, who previously had been convicted of four or more felonies, represented himself at trial. The circuit court sentenced Washington to twenty-five years' incarceration. On appeal, Washington concedes that his waiver of his right to counsel was unequivocal and that his conduct did not prevent the fair and orderly exposition of the issues but alleges that his waiver of counsel was not made knowingly and intelligently. Washington also argues that the presence of standby counsel did not cure the absence of a valid waiver because that counsel did not participate in the trial in any substantial way. For the following reasons, we affirm.

On July 23, 2017, officers of the Pine Bluff Police Department arrested Washington for possessing a handgun and marijuana. On October 2, 2017, the circuit court appointed

the Jefferson County Public Defender's Office to represent Washington. On December 18, 2018, Washington informed the circuit court that he wanted to represent himself. He subsequently filed an affidavit asserting his request.

On January 9, 2019, Washington reiterated his desire to represent himself, and while the circuit court acknowledged his request, it did not relieve the public defender. Instead, after allowing Washington to consider his decision, the circuit court made inquiries to establish Washington's ability to represent himself. Specifically, the circuit court inquired about Washington's education, experience with the criminal-trial process, and knowledge concerning making objections at trial. According to Washington, he had completed "some college," pleaded guilty in his previous cases, and was supposed to object when he did not agree or "something [didn't] sound right." The circuit court then continued the appointment of the public defender to act as standby counsel and directed Washington to complete a waiver-of-counsel form.

On June 7, 2019, Washington filed two different waiver-of-counsel forms for the circuit court's review and a second affidavit reasserting his desire to waive his right to counsel. Among other things, the first form (1) advised Washington of his right to an appointed attorney; (2) inquired about Washington's knowledge of the crimes charged and the maximum penalty that could be imposed; (3) advised Washington that he must abide by the rules of evidence, which control the questioning of witnesses and the admissibility of evidence at trial; and (4) advised him that "if [he did] not properly present a defense, subpoena witnesses, or otherwise represent [him]self in a competent manner that [he would]

not be able to obtain a reversal of a conviction on the grounds that [he] received inadequate representation."

The second form again apprised Washington of his right to an appointed attorney and also advised him that (1) he could subpoena and call witnesses to testify on his behalf; (2) "the introduction of evidence in court is governed by rules with which a defendant may not be familiar, but with which he must nevertheless comply"; and (3) a defendant's lack of knowledge concerning the law may be damaging to his defense and to any future appeals of his case. Although Washington filed the forms and affidavits as evidence of his informed decision to waive his right to counsel, both the circuit court and standby counsel strongly discouraged Washington from representing himself. However, the circuit court allowed Washington to proceed pro se.

It is undisputed that a defendant has a constitutional right to self-representation. *See Faretta v. California*, 422 U.S. 806 (1975). This necessarily requires the waiver of the right to be represented by counsel, which is a personal right that may be waived at the pretrial stage or at trial. *E.g.*, *Jarrett v. State*, 371 Ark. 100, 104, 263 S.W.3d 538, 542 (2007). A criminal defendant may invoke his right to defend himself pro se if "(1) the request to waive the right to counsel is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct that would prevent the fair and orderly exposition of the issues." *Id.*, 263 S.W.3d at 541. Every reasonable presumption must be indulged against the waiver of fundamental constitutional rights, and it is the State's burden to show that a defendant voluntarily and

3

intelligently waived his fundamental right to the assistance of counsel. *Walton v. State*, 2012 Ark. 336, at 8, 423 S.W.3d 56, 61.

On appeal, we will reverse a circuit court's finding that a defendant knowingly and intelligently waived the right to counsel only if the finding is clearly against the preponderance of the evidence. *Pierce v. State*, 362 Ark. 491, 497, 209 S.W.3d 364, 367 (2005). The record before us demonstrates that Washington knowingly and intelligently waived his right to counsel, thereby rendering standby counsel's participation in the trial unnecessary. The Sixth Amendment to the United States Constitution guarantees an accused the right to have counsel assist in his defense. *E.g.*, *Dunn v. State*, 2019 Ark. App. 398, at 26, 585 S.W.3d 681, 696. Nonetheless, a criminal defendant has the right to self-representation at trial, provided that the waiver of counsel is knowingly and intelligently made. *E.g.*, *id.*

The constitutional minimum for determining whether an accused knowingly and intelligently waived the right to have counsel present is that the accused be made sufficiently aware of the right to the aid of counsel and of the possible consequences of a decision to forgo that right. *E.g.*, *id.* at 27–28, 585 S.W.3d at 696–97. Determining whether a defendant has made an intelligent waiver of the right to counsel depends on the particular facts and circumstances of the case, including the background, experience, and conduct of the accused. *E.g.*, *id.* at 27, 585 S.W.3d at 696. "A specific warning of the dangers and disadvantages of self-representation, *or a record showing that the defendant possessed such required knowledge from other sources*, is required to establish the validity of a waiver." *E.g.*, *id.* at 27, 585 S.W.3d at 696 (emphasis added). This ensures that when a defendant waives the right

to counsel, "the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta*, 422 U.S. at 835.

In this case, the preponderance of the evidence supports the circuit court's finding that Washington knowingly and intelligently waived his right to counsel. After Washington informed the circuit court that he wanted to represent himself, the court informed him that he would be held to the same standards as "every other attorney." The court then told Washington that "I wouldn't recommend representing myself, but you have the right to do that" and instructed him to complete a waiver-of-counsel form. The court also told Washington that "I don't think you understand the depth of the experience you need to try a case and what you need to know." While Washington still insisted on representing himself, the court instructed him to obtain a waiver-of-counsel form from the public defender and continued the appointment of the public defender as standby counsel.

The signed waiver-of-counsel forms Washington presented to the circuit court show that he was well aware of the pitfalls of proceeding pro se. Washington's waivers indicate that he was aware (1) of his right to counsel; (2) that the circuit court could impose a sentence of forty years' incarceration; (3) that he must comply with the rules of evidence, which control the questioning of witnesses and the admission of evidence; (4) of his right to cross-examine the State's witnesses, subject to the court's ruling on any objections lodged by the State; (5) of his right to subpoena witnesses on his own behalf; and (6) that his lack of knowledge concerning the law may be damaging to his defense and to any future appeals of his case, if convicted.

Washington's arguments on appeal are unpersuasive. Washington points to no authority requiring the circuit court to personally apprise him of the dangers and disadvantages of self-representation. Indeed, the law permits a waiver of the right to counsel predicated solely on "a record showing that the defendant possessed [the] required knowledge from other sources." *See Dunn*, 2019 Ark. App. 398, at 27, 585 S.W.3d at 696. Here, those other sources include Washington's waiver-of-counsel forms that informed him of "his right to have counsel present and of the possible consequences of a decision to forgo the aid of counsel." *Id.* at 27–28, 585 S.W.3d at 696–97.

Washington's assertion that his lack of legal knowledge and poor performance at trial somehow invalidates his knowing and intelligent waiver also finds no support in the law. It is well settled that "a defendant's technical legal knowledge . . . is not relevant to an assessment of his knowing exercise of the right to defend himself" and that "the right of self-representation carries with it the responsibility for one's own mistakes." *Pierce v. State*, 362 Ark. 491, 497–98, 209 S.W.3d 364, 368 (2005) (citing, in part, *Faretta*, 422 U.S. at 835, 836). In this case, the circuit court's admonitions, Washington's waiver-of-counsel forms and affidavits, and the advice of standby counsel all show that Washington knew what he was doing and made the choice to waive his right to counsel with his "eyes open." *See Sirkaneo v. State*, 2019 Ark. 308, at 7, 586 S.W.3d 606, 609–10.

Because Washington knowingly and intelligently waived his right to counsel, the degree to which standby counsel participated in trial does not matter for appellate purposes. The degree to which standby counsel assisted the accused at trial becomes an issue for our court only when the waiver of counsel is determined to be invalid. *See, e.g.*, *Dunn*, 2019

Ark. App. 398, at 29, 585 S.W.3d at 697. Such is not the case here. We have already found that Washington made a knowing and intelligent waiver of his right to counsel. Accordingly, we affirm.

Affirmed.

KLAPPENBACH and MURPHY, JJ., agree.

*James Law Firm*, by: *William Owen James III* and *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.